UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

BOSTON JERMAINE TOMPKINS,

      Plaintiff,

v.

DAVID A. THOMPSON et al.,

      Defendants.
_____/

Case No. 1:24-cv-762

Honorable Jane M. Beckering

## OPINION

Plaintiff Boston Jermaine Tompkins initiated this suit by filing a hybrid civil rights/habeas action. In an order (ECF No. 4) entered on July 25, 2024, the Court indicated that it would not permit Plaintiff to pursue claims for immediate release and monetary compensation in the same lawsuit. (*Id.*, PageID.34.) The Court, therefore, construed the initial action in Case No. 1:24-cv-719 as a petition for habeas corpus brought pursuant to 28 U.S.C. § 2254 and severed Plaintiff's claims for damages into a new civil rights action which will be addressed here. (*Id.*, PageID.35.)

Plaintiff's claims for damages are properly analyzed under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly

incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. Plaintiff sues Defendants Judge David A. Thompson, Michigan Attorney General Dana Nessel, Assistant Attorney General H. Steven Langschwagger, Prosecuting Attorney Eric J. Smith, Legal Secretary Alesha Holicki, Litigation Specialist MDOC Jennifer Houke-Born, Warden Michael Burgess, and Macomb County Clerk Fred Miller in their individual and official capacities.

Following a jury trial in the Macomb County Circuit Court, Plaintiff was convicted of one count of armed robbery, in violation of Mich. Comp. Laws § 750.529, and one count of conspiracy to commit armed robbery, in violation of Mich. Comp. Laws §§ 750.157a and 750.529. *See People v. Tompkins*, No. 323193, 2016 WL 1039555, at *1 (Mich. Ct. App. Mar. 15, 2016). The trial court sentenced Plaintiff as a third-offense habitual offender, Mich. Comp. Laws § 769.11, to concurrent terms of 15 to 30 years' incarceration. *See id.*

On direct appeal, the Michigan Court of Appeals affirmed Plaintiff's convictions but vacated his sentences and remanded the matter to the trial court for resentencing. *Id.* Specifically, the court of appeals agreed with Plaintiff that the trial court erred by not preparing a sentencing information report (SIR) in conjunction with Plaintiff's presentence investigation report (PSIR). *Id.* at *4.

The trial court's public docket reflects that the trial court conducted Plaintiff's resentencing on September 7, 2016. *See* https://courtpa.macombgov.org/eservices/search.page.9?x=WfYu-5n3*PtzW*1wVcMVCQ (type "Tompkins" for "Last Name," type "Boston" for "First

2

Name," select Search, then select the link for Case Number 2013-003699-FC) (last visited July 26, 2024). The trial court sentenced Plaintiff to concurrent terms of 14 and a half to 30 years incarceration, with credit for 1,103 days served. *See id.* Plaintiff appealed, challenging the reasonableness of his sentences. *See People v. Tompkins*, No. 334944, 2018 WL 1342448, at *1 (Mich. Ct. App. Mar. 15, 2018). The court of appeals affirmed Plaintiff's new sentences. *See id.* The Michigan Supreme Court denied Plaintiff's application for leave to appeal on September 30, 2019. *See People v. Tompkins*, 933 N.W.2d 296 (Mich. 2019).

The trial court's docket reflects that Plaintiff subsequently filed a motion for relief from judgment pursuant to Michigan Court Rule 6.500 on January 14, 2021. *See* https://courtpa.macombgov.org/eservices/search.page.9?x=WfYu-5n3*PtzW*1wVcMVCQ (type "Tompkins" for "Last Name," type "Boston" for "First Name," select Search, then select the link for Case Number 2013-003699-FC) (last visited July 26, 2024). The trial court denied that motion on March 19, 2021. *See id.* The Michigan Court of Appeals denied Plaintiff's application for leave to appeal on September 29, 2021. *See* Register of Actions, *People v. Tompkins*, No. 357564, https://www.courts.michigan.gov/c/courts/coa/case/357564 (last visited July 26, 2024). The trial court's docket also reflects that a judgment of sentence was sent to the DOC on October 26, 2023. *See* https://courtpa.macombgov.org/eservices/search.page.9?x=WfYu-5n3*PtzW*1wVcMVCQ (type "Tompkins" for "Last Name," type "Boston" for "First Name," select Search, then select the link for Case Number 2013-003699-FC) (last visited July 26, 2024).

In his complaint, Plaintiff alleges that in September of 2023, he filed a petition for a writ of habeas corpus in the Macomb County Circuit Court, where Defendant Thompson is chief judge. (ECF No. 1, PageID.4.) In that petition, Plaintiff challenged "the authority that has him restrained and detained." (*Id.*) Plaintiff's petition was served upon Defendants Burgess and Langschwagger.

3

(*Id.*) Plaintiff claims that these individuals provided an invalid judgment of sentence commitment to the MDOC in response. (*Id.*) According to Plaintiff, the produced judgment is invalid because it was vacated by the Michigan Court of Appeals in 2016. (*Id.*) Plaintiff suggests that Defendant Thompson "neglected to order the immediate release of Plaintiff," and that the judgment of commitment was stamped, not signed, by a judge. (*Id.*) According to Plaintiff, no new sentence was entered on record, and so the only judgment of sentence on record was the "original judgment of sentence commitment to the MDOC that was vacated in the year of 2016." (*Id.*)

Plaintiff goes on to assert that on November 14, 2023, the mailroom at ECF received a copy of a new judgment of sentence commitment to deliver to Plaintiff. (*Id.*, PageID.5.) Plaintiff suggests that this judgment was stamped, not signed, by a Macomb County circuit judge, and that it was "post-dated to assume a re-sentencing hearing [in] September of 2016 that the Honorable Thomas Brookhover did not record on the record." (*Id.*) Plaintiff raised all of these assertions in his petition for a writ of habeas corpus. (*Id.*) He contends, however, that Defendant Thompson allowed the Attorney General's office to "conspire and present to him falsified documentation to show authority of Plaintiff's unlawful and illegal restraint without allowing a show cause hearing Plaintiff requested to prove his unlawful and illegal confinement." (*Id.*) As relief, Plaintiff seeks "monetary compensation for unlawful confinement." (*Id.*, PageID.8.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The

4

court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted *supra*, Plaintiff contends that he is illegally confined because, according to Plaintiff, the only judgment of commitment that the MDOC has on file is the judgment that was vacated by the Michigan Court of Appeals in 2016. (ECF No. 1, PageID.4.) Plaintiff's own exhibits, however, do not support his assertion. Granted, it appears that when Warden Burgess, as the respondent to Plaintiff's state petition for a writ of habeas corpus, filed his response, he

erroneously attached a copy of the judgment of sentence that was vacated by the court of appeals. (ECF No. 1-3, PageID.15.) However, in a letter dated October 25, 2023, Legal Secretary Alesha Holicki indicated that the respondent was amending that exhibit by submitting the judgment of sentence entered after remand. (ECF No. 1-4, PageID.16.) Moreover, the MDOC Basic Information Sheet, which is dated at some point in 2023, correctly reflects the sentences imposed upon Plaintiff after remand. (ECF No. 1-10, PageID.23.)

Even if the MDOC did not receive a copy of the amended judgment of sentence immediately after Plaintiff's resentencing, the fact remains that Plaintiff is still validly "in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254(a). In fact, the MDOC's Offender Tracking Information System (OTIS) reflects the judgment after remand. OTIS shows that Plaintiff's earliest release date—the date Plaintiff is eligible for parole—is February 28, 2028. https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=518783 (last visited July 26, 2024). His maximum discharge date is August 30, 2043. *See id.* Thus, there is no question that Plaintiff has not been held in custody past the expiration of his sentence.

The Supreme Court has held that claims for declaratory relief and monetary damages that necessarily imply the invalidity of the punishment imposed are not cognizable under § 1983 until the conviction or sentence has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The *Edwards* Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court has stated, "[t]hese cases,

6

taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Plaintiff seeks damages because he has been unlawfully confined. (Compl., ECF No. 1, PageID.8.) His confinement would only be unlawful if the judgment of sentence after remand entered by the Macomb County Circuit Court was invalid. Unless and until that judgment is invalidated, Plaintiff cannot obtain the relief he seeks. Therefore, Plaintiff has failed to state a claim upon which relief may be granted[1] and his complaint for damages is properly dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

---

[1] A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *Kitchen v. Whitmer*, 106 F.4th 525, 534 n.4 (6th Cir. 2024) (stating "[o]ur court, following the Supreme Court's lead, has phrased *Heck* challenges in terms of whether a § 1983 claim is 'cognizable,' which likely implies that a *Heck* challenge more properly sounds in failure to state a claim").

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  August 15, 2024             /s/ Jane M. Beckering
                                    Jane M. Beckering
                                    United States District Judge